**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PABLO ANTONIO GARCIA-<br>DELGADO; et al.,<br><br>                Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 08-72070<br><br>Agency Nos.     A095-309-339<br>                        A095-309-336<br>                        A095-309-337<br>                        A095-309-338<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Pablo Antonio Garcia-Delgado and his family, all natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. Our jurisdiction is governed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed nearly four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c), and petitioners did not establish prima facie eligibility for relief, *see Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions).

Further, even if the BIA erred by failing to consider Garcia-Delgado's affidavit in denying the motion to reopen, petitioners' due process claim fails because they have not established prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim). We lack jurisdiction to consider any additional challenge to the BIA's decision not to sua sponte reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**